UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-23219-CIV-MORENO

HENRY RICHARDSON,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING AMENDED MOTION TO VACATE SENTENCE

THE MATTER was referred to the Honorable John J. O'Sullivan, United States Magistrate Judge, for a Report and Recommendation on the Amended Motion to Vacate, filed on **October 18, 2019**. The Magistrate Judge filed a Report and Recommendation **(D.E. 15)** on **January 20, 2021**. On March 2, 2021, the Court stayed this case pending the Eleventh Circuit's resolution of *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021) and *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021). The Court reopened this case on June 24, 2021 when the Eleventh Circuit issued those opinions on the issue also present here, which stems from *United States v. Davis*, 588 U.S. ---, 139 S. Ct. 2319 (2019). Movant's argument is that the Court should vacate his 18 U.S.C. § 924(o) conviction because the verdict did not specify which predicate offense the jury relied on in finding him guilty – the conspiracy to commit Hobbs Act robbery conviction or one of the drug trafficking offenses. The Hobbs Act conspiracy conviction

no longer qualifies as a crime of violence under 18 U.S.C. § 924(c)(3) following *Davis*, and is therefore, not a valid predicate offense for the § 924(o) conviction.

The Magistrate Judge's Report and Recommendation predates *Granda* and *Foster*, which resolved the issue of when a court must set aside a § 924(o) conviction premised on multiple predicate offenses (including an invalid one). The Eleventh Circuit explained that where the "alternative predicate offenses are inextricably intertwined" that precludes the movant from "showing a substantial likelihood that the jury relied solely" on the invalid predicate to convict. *Granda*, 990 F.3d at 1291. In *Foster*, the Eleventh Circuit reiterated that "the jury could not have relied on the invalid Hobbs Act conspiracy predicate without also relying on the drug trafficking offenses, each of which remain valid predicates." *Foster*, 996 F.3d at 1103; *Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021) ("The predicate offenses were inextricably intertwined so that if the jurors found one applicable—which, given their guilty verdicts on Counts 4 and 5, we know they did—they had to reach the same conclusion with respect to the others.").

Although the Magistrate Judge's report and recommendation predates *Granda* and *Foster*, the analysis is consistent with those decisions.[1] The Magistrate Judge found that the record in Movant's criminal case confirms that his Hobbs Act conspiracy offense was "inextricably intertwined" with his drug trafficking offenses. He wrote: "[B]ased on the evidence

---

[1] To overcome the procedural default of the vagueness claim, a movant must show cause and prejudice or actual innocence. *Granda*, 990 F.3d at 1286. The *Granda* court found that the movant could not establish cause to excuse his procedural default. *Id.*, 990 F.3d at 1287-88 (citing cases dating back to 1991 to show that "litigants had for years . . .argued (without success) that various other provisions of § 924(c) were unconstitutionally vague. . .The tools existed to challenge myriad other portions of § 924(c) as vague; they existed to support a similar challenge to its residual clause."). The Report and Recommendation predates *Granda*, which may explain why it is inconsistent with the Eleventh Circuit's holding finding there is no cause in this context. The Report's inconsistency with *Granda*, however, is inconsequential as the Magistrate Judge resolved this motion to vacate on the merits finding that the "prejudice inquiry is fundamentally indistinguishable from the merits of Movant's claim: whether his § 924(c) sentence is now illegal under *Davis* because the jury based its verdict solely on the Hobbs Act conspiracy offense and not the drug trafficking offenses." Thus, the Court need not adopt the Report's finding of cause, as it does not affect the ultimate resolution of the motion.

adduced at trial, the jury could not have reasonably found Movant guilty of conspiring to use or possess a firearm in relation to the Hobbs Act robbery conspiracy but not the drug trafficking offense." The Movant filed objections to the Report and Recommendation. He argues that the recent Eleventh Circuit cases are wrongly decided in view of the Supreme Court precedent, *Stromberg v. California*, 283 U.S. 359, 367-68 (1931) and its progeny, which stand for the proposition that a § 924(o) conviction must be vacated where (1) the jury was instructed that a guilty verdict could be returned with respect to any one of the several listed grounds; (2) it is impossible to determine from the record on which ground the jury based the conviction; and (3) one of the listed grounds was constitutionally invalid. *See Wainwright v. United States*, Case No. 09-60229-CR-COHN, (S.D. Fla. Apr. 6, 2020) (citing *Knight v. Dugger*, 863 F.2d 705, 730 (11th Cir. 1988)). In this case, the Magistrate Judge concluded that there is no *Stromberg* issue because the Movant cannot carry his burden to show that it is impossible on the record to determine on which ground the jury based its conviction because the predicate offenses are so inextricably intertwined that the "jury's finding him guilty of the Hobbs Act offense[] necessitated the jury's finding him guilty of the drug . . .predicates." *Id.* at 31.

The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge John O'Sullivan's Report and Recommendation is **AFFIRMED** and **ADOPTED** as follows. Accordingly, it is

**ADJUDGED** that the Amended Motion to Vacate is DENIED for the reasons stated in the Report and Recommendation and consistent with the recent Eleventh Circuit case law in *Granda*, *Parker*, and *Foster*.

**ADJUDGED** that the motion for certificate of appealability is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd of October 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge John J. O'Sullivan

Counsel of Record